## In the Matter of CONDOMINIUM ADMINISTRATIVE SERVICES, INC., Debtor(s).

### Bankruptcy No. 84–2570.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 12, 1985.

Jeffrey Leasure, Burnett & Brondstetter, Ft. Myers, Fla., for creditor.

Randall W. Tayler, Sarasota, Fla., for debtor.

## ORDER ON ALL PENDING MOTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matters under consideration are several Motions, all relating to the Debtor's right to continue to remain in possession of a mobile home park known as "Alligator Park." The Park is owned by P.G.M.H.P. Land Trust No. 1, which is not a separate legal entity, but is, in fact, Mr. and Mrs. Ralph Bearden, (Beardens) the owners of a mobile home park. The Motions under consideration control not only the controversy between the Beardens and Condominium Administrative Services, Inc. (Debtor), but also control the Debtor's ability to achieve rehabilitation under Chapter 11 of the Code. This is so because if the lease between the Debtor and the Beardens is forfeited, this Debtor, having no other assets, will no longer be a viable economic entity.

The procedural posture of the controversy under consideration is presented by the following Motions: Motion for Summary Judgment, which Motion is directed to the Debtor's Motion to Assume Unexpired Lease; a Motion to Convert the Chapter 11 Case to Chapter 7 Case; and, a Motion seeking an order directing payment of administrative rent, all of which were filed by the Beardens.

The Debtor also filed a Motion and sought the assessment of attorneys fees and imposition of sanctions against the Beardens; a Motion to Terminate the Trustee's Appointment; a Motion Seeking Relief from Previous Order of this Court, which modified the automatic stay and permitted the Beardens to proceed with the then pending action against the Debtor in the State Court; and a Motion for Partial Summary Judgment. In order to clarify the real issues, it should be helpful to dispose of these peripheral Motions first. The Court heard argument of counsel for the Debtor and is satisfied that none of the Motions filed by the Debtor, with the possible exception of its Motion to Assume Unexpired Lease are meritorious. Therefore, the Motion to Assess Attorneys Fees and Impose Sanctions; Motion to Terminate Trustee's Appointment; and, Motion for Relief From Order shall be denied.

This leaves for consideration the Debtor's Motion to Assume Unexpired Lease; the Beardens' Motion for Summary Judgment; and of course, the Debtors' Motion for Partial Summary Judgment; and the Beardens' Motion to order the Debtor to pay administrative rent. It is the contention of the Beardens, in support of the Motion for Summary Judgment, that there are no genuine issues of material fact and the Beardens are entitled to a judgment on the assumption issue as a matter of law. This contention is based on two propositions urged by the Beardens. First, that the lease in question was effectively terminated by the Beardens prior to the commencement of the case and, therefore, by virtue of § 365(c)(3) is no longer assumable. In the alternative, the Beardens con-

tend that even assuming, but not admitting, that the lease was not effectively terminated prior to the commencement of the case, it no longer can be assumed because by virtue of § 365(d)(3) and (4) of the Code, the lease is already deemed to have been rejected by operation of law because the lease of non-residential property was not assumed within 60 days of the entry of the Order for Relief.

In opposition of Beardens' Motion, the Debtor contends first that § 365(c)(3) is not applicable to the lease under consideration because this is not a "non-residential" real property, but a "residential" real property. In addition, it is the contention of the Debtor that the Motion to Assume Lease in question was timely filed; that it was not required to pay rent pending the assumption; therefore, it should be permitted to establish that it is able to meet the requirements of the Code for assumption of an unexpired lease; § 365(b)(1)(A), (B) and (C).

The undisputed facts as they appear from the record reveals the following:

On May 1, 1984, the Debtor entered into an agreement to lease a mobile home park known as Alligator Park owned by Ralph Bearden, Jr. and his wife, Carolyn Bearden. The agreement contained an option to purchase and also an assignment of the "appurtenant rights and properties."

On August 10, 1984, counsel for the Beardens sent a "Thirty Day Notice of Failure of Performance" to the Debtor and referring to ¶ 4.01(4) of the lease, stated that the Debtor was in violation of seventeen provisions of the lease, inter alia, for non-payment of rent. The letter also provided that unless the defaults are cured within 30 days, the Debtor would be put on notice that "it will be declared in default of the agreement under the lease."

Prior to the expiration of 30 days, on August 17, 1984, counsel for the Beardens sent a second letter to the Debtor entitled "Three Day Rent Notice." In this letter, counsel also demanded a rent payment. This notice, sent purportedly pursuant to § 83.20(2) of Fla.Stat., is a statutory prerequisite for filing a suit for eviction of a "hold-over tenant" or a "tenant at sufferance." The notice failed to specify the amount of unpaid rent demanded by the Beardens.

Thereafter, the Beardens filed a Complaint in the County Court in and for Charlotte County, Florida and sought possession of Alligator Park based on the alleged failure of the Debtor to pay rent when due. In addition, they sought a termination of the leasehold interest pursuant to the terms of the lease. In due course, the Debtor filed an answer and a counterclaim in which it sought a money judgment against the Beardens far in excess of $2,500, the jurisdictional limit of the County Courts of this State. For this reason, the County Court severed the Complaint for Eviction from the counterclaim and on October 27, 1984, entered a default judgment against the Debtor and awarded possession of the Park to the Beardens. Before the Beardens were able to obtain possession of the Park, the Debtor filed its Petition for Relief under Chapter 11 on November 9, 1984. Of course, the automatic stay imposed by § 362(a) of the Bankruptcy Code, brought to a halt any further proceedings by the Beardens against the Debtor. It further appears that the Debtor filed a Notice of Appeal challenging the default judgment entered by the County Court. In connection with the appeal, the Debtor posted a supercedeas bond in the amount of $75,000 which was to be increased by an additional $70,000 on or before April 15, 1985, in the event the appellate review was not completed.

On January 3, 1985, the original counsel for the Debtor filed a pleading entitled "Acceptance of Executory Contract." Shortly thereafter, the Debtor changed counsel and newly retained counsel of the Debtor filed, prior to the expiration of the 60 days from the date of entry of the Order for Relief, a Motion to Assume Unexpired Lease. This is one of the Motions presently under consideration. As noted, the Beardens' Motion for Summary Judgment is addressed to the Debtor's Motion to As-

sume an Unexpired Lease and the Debtor also filed a Motion for Summary Judgment contending that there are no genuine issues of material facts and that it is entitled to a judgment as a matter of law. The Debtor's Motion was filed on the eve of the hearing on the Beardens' Motion and is supported by an affidavit which, rather than indicating the absence of genuine issues of material fact, contains factual allegations contradicting material facts asserted by the Beardens in their Motion for Summary Judgment.

It is the contention of the Beardens that under the applicable laws of this State, the letter of August 10, 1984 was an effective notice of intention to terminate the lease; that they are not required to give any further notice and the filing of an action for eviction served as an effective notice of termination which, in fact, did terminate the lease prior to the commencement of the case. Thus, so contend the Beardens, there is no longer a viable lease which could be assumed by the Debtor by virtue of § 365(c)(3) because the trustee may not assume an executory contract if a lease of a non-residential "real property" which has been terminated under the applicable non-bankruptcy law prior to the entry of the Order for Relief.

The Debtor contends that subclause 3 of § 365(c) is not applicable in this case because the property in question is not a "non-residential" real property. Rather, the Debtor asserts that it is a "residential property" because the Debtor leases spaces to individual tenants at the park who reside on the property and since subclause (3) refers to "non-residential" real property and not a "non-residential lease," pre-petition termination of the lease represents no obstacle for assumption.

While at first blush the contention advanced by the Debtor appears to be plausible, a literal reading of the entire Section does not support this proposition. The clause under consideration clearly intended to cover non-residential leases, that is, commercial leases, e.g. shopping center leases, and was not intended to refer to the prop-

erty, character of which is not really of any consequence. There is no question that in this case the individual tenants who reside in the park never had a lease with the Landlord, i.e. the Beardens and the only lease involved in this controversy is the lease between the Beardens and the Debtor, a lease which is clearly a commercial lease.

■ Based on the foregoing, this Court is satisfied that in spite of the seemingly confusing language of § 365(c)(3), the prohibition against assumption is applicable.

This leaves for consideration two unresolved issues. First, whether or not was the lease effectively terminated prior to the commencement of the Chapter 11 case under non-bankruptcy law and, therefore, by virtue of § 541(b)(2), it is no longer property of the estate, and thus, not assumable by virtue of § 365(c)(3). Second, assuming the lease was not terminated pre-petition, whether or not it was rejected by operation of law inasmuch as it was not effectively assumed within the 60 day time period provided by § 365(d)(4).

These are the issues raised by the Beardens' Motion for Summary Judgment in support of which they rely on the following exhibits accompanying the Motion: (1) a document entitled "Agreement to Lease Mobile Home Park Property With Option to Buy and Assignment of Appurtenant Rights and Properties;" (2) a copy of the amended complaint filed by the Beardens for removal of the tenant to which there is attached a copy of the letter addressed to Mr. Schlosser, individually and as President of Condominium Administrative Services, Inc. and Mary Ellen Schlosser, (Exhibit B); (3) a letter entitled "Three Day Rent Notice" dated August 17, 1984; (4) a thirty-day Notice of Failure of Performance dated August 10, 1984; an answer filed by the Debtor including a counterclaim (Exhibit C); (5) a Final Judgment by Default entered by the County Court in and for Charlotte County, Florida, (Exhibit D); (6) a Writ of Possession issued by the Clerk of the County Court, (Exhibit E); and (7) affidavits of Don Senges, Ralph H. Bearden,

Jr. and Carolyn Bearden and numerous depositions.

It is without dispute that no rent was ever paid to the Beardens and Paragraph 4.01.1 of the lease provides that failure to make rent payments within 5 days of the due date is deemed to be a default. Upon default, the landlord has several options, one of which is the right to declare the agreement terminated, ¶ 4.02.2. A 30 day notice of failure of performance dated August 10, 1984 was sent to the President of the Debtor setting forth numerous alleged specific failures of performance and stated that unless these defects are cured within 30 days from the date of the notice, the Debtor "will be declared in default of the agreement." Thereafter, a three day notice dated August 17, 1984 demanded a payment within three days or possession of the premises and was given pursuant to Fla.Stat. 83.20[2]. This Statute provides that before a person who holds over after the expiration of his time without permission of the landlord may be removed from the premises after giving a three day notice in writing requiring payment of rent or possession.

While the Beardens advised the Debtor of certain "failures of performance" under the lease which if left uncorrected for 30 days would result in a declaration of default, and also demanded payment of rent within three days or surrender of the premises, there is no evidence in this record that the Beardens ever lawfully declared the lease terminated, as was their right under the lease. That is, of course, unless the commencement of the action in County Court constitutes an acceptable substitution for a declaration of termination.

As noted earlier, the three day notice was given pursuant to § 83.20(2) Fla.Stat. which provides as follows:

83.20 Causes for removal of tenants

Any tenant or lessee at will or sufferance, or for part of the year, or for one or more years, of any houses, lands or tenements, and the assigns, under tenants or legal representatives of such tenant or lessee, may be removed from the premises in the manner hereinafter provided in the following cases:

(2) Where such person holds over without permission as aforesaid, after any default in the payment of rent pursuant to the agreement under which the premises are held, and three days notice in writing, requiring the payment of the rent or the possession of the premises, has been served by the person entitled to the rent on the person owing the same. The service of the notice shall be by delivery of a true copy thereof, or if the tenant be absent from his last or usual place of residence, by leaving a copy thereof at such place.

The lease provides in pertinent part:
§ 4.02 Upon the happening of any default described above the SELLER shall have the option to exercise the following legal remedies:

(1) . . .

(2) Declare the agreement terminated and cancelled causing the balance of the term of the lease forfeited, and re-enter the demised premises. If the Buyer remains in possession following the termination of this agreement, they shall be deemed hold over tenants and subject to removal by the summary eviction proceedings set forth in Chapter 83, Florida Statutes.

(3) . . .

While it appears that the Beardens intended to exercise the option provided by § 4.02(2) of the lease by declaring the lease terminated and filing suit, this Court finds no evidence that the lease was ever declared "terminated and cancelled." In short, the landlord proceeded to remove a "holdover tenant" without ever terminating the lease.

■ Based on the foregoing, this Court is satisfied that the lease was not terminated by the thirty day notice, the three day notice or the commencement of the state court action for the following reasons:

While the thirty day letter enumerates several "failures of performance" by the Debtor, there is no language in this letter

which could be read, even by the most literal, to serve a clear notice to the tenant of the landlord's intent to terminate the lease. It is a well recognized principle that equity disfavors forfeiture and the party urging forfeiture has a heavy burden and must present a clear convincing case in order to prevail. *Baker v. Clifford Matthew Inv. Co.*, 99 Fla. 1229, 128 So. 827 (1930). The action for possession was filed by the Beardens after they gave the so-called three day notice pursuant to § 83.-20(2) of Fla.Stat. This Chapter sets forth the procedure to evict a holdover tenant, i.e. a tenant of sufferance, and has nothing to do with a tenant holding a valid unexpired lease. This Court is satisfied that by an express provision of the lease, the landlord was required to declare the lease terminated and *then* proceed with its statutory remedies. Without the declaration, the three day notice, which also lacked specificity regarding the amount or rent due and owing, and the subsequent lawsuit did not operate to terminate the lease.

In light of the foregoing, it is evident that upon the commencement of the Chapter 11 case, the lease became property of the estate, and is assumable provided, of course, that the Debtor is able to meet all requirements imposed by § 365(b)(1) for assumption, that is, (1) to cure all defaults or provide adequate assurance of prompt cure; (2) to compensate the Lessor for any loss resulting from the defaults and the requirements now imposed by § 365(d)(3) and (4); and (3) to provide adequate assurance of future performance.

Section 365 of the Bankruptcy Code, as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, 98 Stat. 333 (July 10, 1984), provides in pertinent part:

§ 365

(3) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The Court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60 day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

(4) Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of non-residential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60 day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such non-residential real property to the lessor.

11 U.S.C. § 365(d).

■ The legislative history to the revised section makes clear that the modifications were enacted in order to "remedy serious problems caused shopping centers and their solvent tenants by the administration of the bankruptcy code:" That is, long-term vacancy or partial operation of space by a bankrupt tenant, while deciding to assume or reject an unexpired lease; and, failure of the trustee or debtor-in-possession to make payments under the lease pending a decision to assume or reject. *See,* 130 Cong.Rec. S8894–95 (daily ed. June 29, 1984) (remarks of Senator Hatch). Thus, while the § 365 still permits the Trustee to assume or reject residential and personal property leases up until confirmation, a lessee of non-residential real property must now act within 60 days. 11 U.S.C. § 365(d)(4); *In re By-Rite Distributing, Inc.*, 12 B.C.D. 1082, 47 B.R. 660 (Bankr.D. Utah 1985).

Unfortunately, the Code fails to furnish any guidance concerning the implementation of the amendments, particularly with regard to two specific aspects of the amendments. First, the Code is silent as to the actual method of assuming an unexpired lease. Second, the Code equally fails to specify the legal consequences of the Debtor's failure to timely perform under the lease pending assumption as required by § 365(d)(3).

In the case of *In re By-Rite Distributing, Inc.*, 12 B.C.D. 1082, 47 B.R. 660 (Bankr.D.Utah 1985), the Debtor filed a Motion to Assume five leases of non-residential leases on the sixtieth day from the filing of the Petition. The Court denied the Debtor's Motion and held that the leses were deemed rejected because the Debtor did not obtain court approval within the sixty day time frame required by § 365(d)(4).

The *By-Rite* court isolated three elements which are required to assume a non-residential lease under § 365(d)(4);

(1) a conscious and deliberate decision on the part of the debtor in possession or trustee to assume, whether that decision is manifested by words, conduct, or a paper filed with the court;

(2) the ability, as determined by the Court after notice and a hearing, to satisfy the cure, compensate, and adequate assurance requirements of Section 365(b)(1)(A), (B) and (C);

(3) a manifestation of judicial approval by the bankruptcy court.

*In re By-Rite Distrib.*, 12 BCD at 1087, 47 B.R. 660.

Essentially the Court determined that each of these elements must be satisfied within the 60 day time frame, unless the Court within the 60 day period granted an extension for good cause shown. Despite the stringent adherence to the 60 day rule, *By-Rite* seems to stand for the proposition that the Debtor's decision to assume could be manifested in a variety of ways including a paper filed with the Court. Further, it appears that there is no requirement that a written court order be entered but that

oral approval of the assumption by the Court is sufficient. These two points warrant discussion inasmuch as this Court is satisfied that the only method of declaring an intention to assume an unexpired lease is by timely filing a proper motion in the Bankruptcy Court. Further, this Court is of the opinion that no lease is deemed assumed until the Court enters an order approving the assumption.

■ Bankruptcy Rule 6006(a) provides that "[A] proceeding to assume, ... an executory contract, including an unexpired lease ... is governed by Rule 9014." Bankruptcy Rule 9014, which deals with contested matters, provides that "... relief shall be requested by motion and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Based on the language of the Rule, this Court is satisfied that the filing of a Motion to Assume within the 60 days is mandatory.

Of course, upon the filing of the Motion, the Court shall schedule a hearing to determine whether the Debtor can meet the requirements of § 365(b)(1) and to consider whether the Debtor has performed § 365(d)(3) and (4). It appears that at least the *By-Rite* court requires that a hearing also be conducted, concluded and that the Court rule on the Motion, albeit informally, within the 60 days or the unexpired lease is deemed rejected. While there is no doubt that the amendments require the Trustee or debtor in possession to file a motion to assume within the sixty days and that failure to do so will result in automatic rejection, it is difficult to accept the proposition that the Debtor will be penalized if the hearing and/or the ruling falls outside the 60 days. Clearly, the Court calendar and the entry of orders are matters which are exclusively within the control of the Court. A debtor in possession, for example, should not be thwarted in its attempt to reorganize because in any given case, the Court is unable to schedule the required hearing or enter an order within the 60 days. Thus, while this Court recognizes that the Congress clearly intended to accelerate the pro-

cess in order to protect a certain class of creditors, it cannot accept the proposition that matters which are clearly outside the control of the Debtor should operate to work a forfeiture of an otherwise assumable lease. Next, in addition, the Debtor must also timely perform under the lease pending assumption as required by § 365(d)(3) unless performance is excused by the Court.

■ Finally, there is no doubt that the Court must approve an assumption and this Court holds that this is only accomplished upon the entry of a written court order. Prior to the enactment of the Bankruptcy Code, there existed a split of authority regarding the necessity of court approval to assume an unexpired lease. The better reasoned cases, however, held that Court approval was required, a view expressly adopted under the language of § 365. *See, In re By-Rite Distributing, Inc.,* 12 B.C.D. 1082, 47 B.R. 660 (Bankr.Utah 1985); *citing In re Kelly Lyn Franchise Co.,* 26 B.R. 441 (Bankr.M.D.Tenn.1983); *aff'd* 33 B.R. 112 (M.D.Tenn.1983). Thus, it is clear that there can be no assumption without court approval, and this Court is satisfied that the court approval requirement is satisfied only upon the entry of a written court order. *Contra In re By-Rite Distributing, Inc.,* 12 B.C.D. at 1087, 47 B.R. 660.

In the case at bar, there is no question but that the Debtor timely filed a Motion to Assume an Unexpired Lease and that the Motion was, in fact, scheduled for hearing. However, prior to the hearing, a trustee was appointed pursuant to § 1104 and the Court determined that the Debtor was no longer in a position to assume the unexpired lease. It is without dispute that the Trustee took no affirmative steps toward assuming the lease, and of course, the sixty days expired long before the Debtor was once again in a position to regain control of the estate. In addition, the Trustee, just as the Debtor, failed to perform under the lease as required by § 365(d)(3).

■ As noted earlier, while the Code does not specify the consequences for fail-ure to perform under § 365(d)(3), however, this Court is satisfied, in light of the legislative history, that this requirement was intended as both mandatory and prerequisite to assumption.

■ Based on the foregoing, this Court is satisfied that this unexpired lease is deemed rejected, not having been effectively assumed by virtue of § 365(d)(4), accordingly, the Motion for Summary Judgment filed by the Beardens shall be granted and the Debtor's Motion for Partial Summary Judgment shall be denied. A separate order has been entered on the Motion for Administrative Rent and a hearing shall be scheduled promptly to determine the manner of surrender of the premises by the Trustee and to consider the Motion to Convert this Chapter 11 case pursuant to § 1112(b) of the Code. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Partial Summary Judgment, the Motion for Assessment of Attorneys Fees and Sanctions, the Motion to Terminate Trustee's Appointment, the Motion Seeking Relief from Previous Order of this Court and the Motion to Assume Unexpired Lease filed by Condominium Administrative Services be, and the same hereby, are denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Beardens be, and the same hereby is, granted and the lease is deemed rejected. It is further

ORDERED, ADJUDGED AND DECREED that a hearing shall be scheduled before the undersigned on July 6, 1985 at 9:00 A.M. in Room 703, 700 Twiggs St., Tampa, Florida to consider (1) the manner of surrender of the premises by the Trustee and (2) the Motion to Dismiss or Convert this Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

In light of the foregoing, it is no longer necessary to rule on the Motion for Summary Judgment filed by the Debtor.