**In re The TANDEM GROUP, INC., Debtor.**

**Bankruptcy No. SA 86–00271 RP.**

United States Bankruptcy Court, C.D. California.

March 17, 1986.

As Amended May 5, 1986.

See also, Bkrtcy., 61 B.R. 738.

Marvin Neben, Neben and Starrett, Newport Beach, Cal., for debtor.

John R. Gardener, Gardener & Riechmann, Santa Ana, Cal., for Alcan Bldg. Products.

Herbert Katz, Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for California Federal Sav. and Loan.

## ORDER CONDITIONALLY GRANTING EXTENSION OF TIME TO ASSUME OR REJECT SUBLEASE

RALPH G. PAGTER, Bankruptcy Judge.

Subsequent to an order of this court shortening time, debtor's application to extend time to assume or reject a nonresidential real property sublease came on for hearing on March 13, 1986. Marvin Neben appeared on behalf of the debtor. John Gardner appeared on behalf of the sublessor Alcan Aluminum Corporation. Herbert Katz appeared on behalf of secured creditor California Federal Savings & Loan. At the conclusion of the hearing, the matter was taken under submission.

### FACTS

Debtor filed its voluntary Chapter 11 petition on January 16, 1986. Subsequent to filing the petition and entry of the order for relief, debtor has operated the business as debtor-in-possession. Debtor manufactures wood office furniture and seating. Debtor is attempting to formulate a plan that calls for sale of the business as an on-going concern.

Debtor entered into a sublease agreement with Alcan Aluminum Corporation ("Alcan") on or about March 30, 1984 whereby Alcan leased certain nonresidential real property in Buena Park to debtor. Debtor remains in possession of the subject property. Debtor uses the premises to manufacture its products and as an administrative office. The term of the sublease expires on or about December 30, 1990.

Debtor has not paid rent for any months after October 1985.

The sixty-day period that began on the date of filing expires on March 17, 1986.

### DISCUSSION OF LAW

Debtor seeks an additional 180 days to make its decision whether to assume or reject the subject sublease. Debtor further requests an order requiring that no postpetition rent be paid during the extension.

As discussed below, the debtor's application to extend the time to assume or reject is timely. The debtor has also demonstrated sufficient cause to warrant the requested extension. However, this court may not grant the extension unless debtor pays all postpetition rent due under the lease.

The trustee, or the debtor-in-possession/lessee must assume a nonresidential real property lease within sixty days of the order for relief or the lease is deemed rejected. 11 U.S.C. §§ 365(d)(4), 1107. The court, however, may for "cause" extend the time to assume or reject the lease within the sixty-day period. 11 U.S.C. § 365(d)(4).

Debtor filed its application for an extension of time on March, 7. The application was heard by this court on March 13. The sixty-day period expires on March 17. A split of authority has developed concerning whether the application to assume the lease or extend time must be made within the sixty-day period or the order granting the request is entered within the sixty-day period. *Compare In re By-Rite Distributing, Inc.,* 55 B.R. 740 (D.Utah 1985) (application or motion within sixty-day period sufficient), *rev'ing,* 47 B.R. 660 (Bankr.D.Utah 1985); *Matter of Condominium Administrative Services, Inc.,* 55 B.R. 792 (Bankr. M.D.Fla.1985) (*Id.*); *In re Unit Portions of Delaware, Inc.,* 53 B.R. 83 (Bankr.E.D.N.Y.

1985) (*Id.*) and *In re Bon Ton Restaurant & Bakery Shop, Inc.*, 52 B.R. 850 (Bankr. N.D.Ill.1985) *with In re Taynton Freight System, Inc.*, 55 B.R. 668 (Bankr.M.D.Pa. 1985) (court decision re assumption or extension must be made before sixty-day period expires); *In re Las Margaritas, Inc.*, 54 B.R. 98 (Bankr.D.Nev.1985) (*Id.*) and *In re Southwest Aircraft Services, Inc.*, 53 B.R. 805 (Bankr.C.D.Cal.1985) (*Id.*) Regardless of which interpretation is employed, debtor herein may obtain the requested extension because the order granting the instant motion shall be entered on or before March 17.

■ Debtor asserts that the extension of time is warranted because it is attempting to formulate a plan to sell the business as an on-going concern, including the favorable rent required under the sublease. Debtor adds that it has spent over $500,000 improving the premises. Debtor has demonstrated sufficient cause to grant the requested extension.

However, debtor has failed to pay any postpetition rent. Section 365(d)(3) requires that the trustee, or debtor-in-possession, timely perform the obligations under the lease. 11 U.S.C. §§ 365(d)(3), 1107. The court, for cause, may extend time to perform obligations that arise during the sixty-day period, but not beyond the sixty-day period. 11 U.S.C. § 365(d)(3).

Although a factual situation that encompasses both subsections (c) and (d) is predictable, section 365(d) does not expressly address the request made by the debtor herein. Moreover, this issue appears to be a matter of first impression in this Circuit.

The primary difficulty is the open-ended nature of subsection (c). Although performance of postpetition obligations is required, the subsection does not specify the consequences for failing to do so. L. King, 2 *Collier on Bankruptcy* ¶ 365.03[3] at p. 365–31 (15th ed. 1985). Apparently, only one court has addressed this issue. In *Matter of Condominium Administrative Services, Inc.*, 55 B.R. 792 (Bankr.M.D.Fla. 1985), the court held that the performance required under subsection (c) is a prerequisite to assumption of the lease. The court

based its holding on the following comments made by Senator Hatch concerning subsection (c):

"This timely performance requirement will insure that debtor-tenants pay their rent, common area and other charges on time pending the trustee's assumption or rejection of the lease. For cause, this court can extend the time for performance of obligations due during the first 60 days after the order for relief, but not beyond the end of such 60-day period. At the end of this period, the amounts due during the first sixty days would be required to be paid, and thereafter, all obligations must be performed on time."

130 *Cong.Rec.* S8894 (daily ed. June 29, 1984). One other court has intimated a similar result. *In re Flexipak, Inc.*, 49 B.R. 641, 643 (S.D.N.Y.1985) (lease deemed rejected if cure and adequate assurance requirements not satisfied by sixtieth day).

■ Furthermore, the plain language of section 365(d) supports the *Condominium Administrative Services* decision. Performance required under the unexpired lease during the sixty-day period may be extended, but not beyond the sixty day period. 11 U.S.C. § 365(d)(3). Unless an extension is granted, the lease must be assumed within the sixty day period, or it is deemed rejected. The only logical inference that can be drawn from these subsections is that to preserve the ability to assume the lease, the debtor, or trustee, must perform all lease obligations during the sixty-day period and during any court authorized extension.

## CONCLUSION

Debtor's application for a 180-day extension of time to assume or reject the sublease is granted on the express condition that debtor pay all postpetition rent that has accrued during the sixty-day period, before the close of business on March 17. In the event that debtor fails to pay said rent or fails to timely perform any pecuniary obligations that arises under the sublease during the aforementioned extension,

the sublease shall be deemed rejected. Counsel for debtor was notified of this conclusion on March 17, 1986.

IT IS SO ORDERED.