**In re PACIFIC SEA FARMS, INC., Debtor.**

**Bankruptcy No. 91–00341.**

United States Bankruptcy Court, D. Hawaii.

Nov. 15, 1991.

James K. Mee, Honolulu, Hawaii, for plaintiff.

Jerrold K. Guben, Honolulu, Hawaii, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

On October 8, 1991, the Trustees Under the Will and of the Estate of James Campbell, Deceased ("Campbell Estate"), filed a Motion to Compel Payment of Additional Post–Petition Obligations of Debtor Under Unexpired Lease regarding certain premises being leased by Campbell Estate to Pacific Sea Farms, Inc. A hearing was held on October 23, 1991. James K. Mee, Esq. appeared on behalf of movant, Campbell Estate. Jerrold K. Guben, Esq. appeared on behalf of Edward Swofford, Trustee for Pacific Sea Farms, Inc. ("Debtor"). Enver W. Painter, Jr., Esq. appeared on behalf of Amund Utne and Hiram Fong, Jr., James A. Wagner, Esq. appeared on behalf of the petitioning creditors. At the close of hearing the Court requested that the parties submit, by November 6, 1991, proposed findings of fact and conclusions of law on the issue of applicability of 11 U.S.C. § 365(d)(3) to Campbell Estate's request for reimbursement of attorneys' fees.

Based on the records in the file, the memoranda submitted, evidence produced and arguments of counsel, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. On April 30, 1981, Campbell Estate, as lessor, and Marine Culture Enterprises Partnership, as lessee, entered into Lease No. 4206 (the "Lease") covering certain real property located at Kahuku, Oahu, Ha-

waii. On October 22, 1984, Campbell Estate, as lessor, and Marine Culture Enterprises Partnership, as lessee, also entered into Tenancy Agreement 5563 (the "Tenancy Agreement") covering certain additional real property located at Kahuku, Oahu, Hawaii. By mesne assignment, Debtor presently holds the lessee's interest under both leases.

2. On April 24, 1991, certain creditors of Debtor filed an involuntary petition against Debtor under Chapter 11. An order for relief was entered May 23, 1991. On July 3, 1991, the Court granted creditors' petition to appoint a trustee to administer the affairs of the Debtor. The Trustee was appointed on July 10, 1991.

3. On July 17, 1991, prior to expiration of the sixty-day period after entry of the order for relief, the Trustee filed a Motion to Extend Time in Which to Assume or Reject Unexpired Lease, seeking under 11 U.S.C. § 365(d)(4) to extend, for a period of 180 days, the time within which to assume or reject the leases.

4. On July 22, 1991, Campbell Estate filed a Motion to Compel Debtor to Pay All Post–Petition Rental Obligations or in the Alternative to Compel Surrender of the Premises and Rejection of the Lease and Tenancy Agreement, stating as the basis for the motion 11 U.S.C. § 365(d)(3), and alleging that the Debtor had failed to make any post-petition payments due and owing to Campbell Estate under the leases. The amounts alleged to be due included post-petition sums for rent, interest, late charges, real property tax, general excise tax, and charges for water, security services, discharge permit compliance, and attorneys' fees incurred by the Campbell Estate in connection with the leases.

5. Hearings on the two motions, as well as on other matters, were held by the Court on August 16 and 26, 1991. In those hearings, the Trustee did not dispute Campbell Estate's allegations that the Debtor had failed to make any post-petition payments. Nor did the Trustee tender, or offer to tender, any of such sums to Campbell Estate as a condition of being granted an extension of time within which to as-

sume or reject the leases. Instead, the Trustee argued: (a) that making of such payments was not a necessary prerequisite to being allowed an extension of time within which to assume or reject the leases; (b) that such payments did not need to be made immediately but could be made as part of a future assumption of the lease; and (c) that Campbell Estate was in any event not entitled to prorated payment for the April 1, 1991 quarterly rent payment (which was payable in advance). The Court also notes that neither the Trustee nor other interested parties raised any objection to the Estate's inclusion of attorneys' fees as part of the sums to which it claimed a right to immediate payment under 11 U.S.C. § 365(d)(3).

6. On October 7, 1991, this Court entered an Order Granting Trustee's Motion to Assume or Reject Unexpired Lease. As a condition of allowing an extension of time within which to assume or reject the leases, the Court required that the Trustee should within ten days pay the rents and real property taxes coming due on the leases from May 23, 1991 the date of the order for relief to the date of entry of the Order. The Court further ordered that the Trustee should timely pay rents and real property taxes from and after date of entry of the Order.

7. Subsequent to entry of the Order, Campbell Estate provided the Trustee with an accounting of amounts owed under the lease, computed as and from May 23, 1991. The Trustee made payment of the majority of the amounts claimed by Campbell Estate; however, the Trustee's payment did not include any amounts to cover attorneys' fees claimed by Campbell Estate. Thereafter, Campbell Estate filed the Motion which is presently before the Court.

8. In its Motion, Campbell Estate asserts that it is entitled to reimbursement of its attorneys' fees incurred in connection with the leases by virtue of the language in 11 U.S.C. § 365(d)(3) which provides that the trustee shall timely perform "all the obligations" of the debtor arising under the leases. Campbell Estate also points to specific language in the leases requiring the

lessee to pay the lessor's attorneys' fees, under certain conditions.

9. In response, the Trustee admits that there are provisions in the leases for reimbursement of attorneys' fees and costs, but argues that such fees and costs need not be paid prior to assumption or rejection of the leases under 11 U.S.C. § 365(d)(3). The Trustee takes the position that this section of the Bankruptcy Code only requires that post-petition rental payments be made, and that the Debtor is not obligated to cure all non-rent post-petition obligations accruing under the leases. The Trustee, relying upon 2 *Powell on Real Property*, ¶ 228[1] (1991) at 16A–3, further defines "rent" as "the consideration agreed to be paid by one party for the use and occupancy of the real estate of another."

10. Section 10.17 of the Lease provides:

*Section 10.17. Costs and Expenses.* Lessee will pay to Lessors on demand, all reasonable costs and expenses, including *reasonable attorneys' fees*, incurred by Lessors in *enforcing any of the covenants of Lessee herein or any of Lessors' rights hereunder*, in *remedying any breach by Lessee of its covenants*, in recovering possession of the Premises after a termination of this lease declared by Lessors because of a breach of the terms hereof by Lessee, *in collecting any delinquent rent, taxes or other charges payable by Lessee* hereunder, and in connection with any litigation commenced by or against Lessee (other than condemnation proceedings) to which Lessors shall without any fault on their part shall be made parties. (Emphasis added.)

11. Paragraph 11 of the Tenancy Agreement provides:

11. *ESTATE'S COSTS AND EXPENSES.* Tenant will pay to the Estate on demand all costs and expenses including *reasonable attorneys' fees* incurred by the Estate *in enforcing any of the covenants, herein contained, in remedying any breach by the Tenant of Tenant's covenants*, in recovering possession of said premises, *in collecting any delinquent rent, taxes or other charges payable by the Tenant hereunder,* or in connection with any litigation commenced by or against the Tenant to which the Estate without any fault on its part shall be made party. (Emphasis added.)

12. To the extent that these Findings of Fact constitute Conclusions of Law, they shall be so deemed.

### CONCLUSIONS OF LAW

1. Section 365(d)(3) of the Bankruptcy Code, 11 U.S.C. § 365(d)(3), provides, in pertinent part:

The trustee shall timely perform *all the obligations of* the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. (Emphasis added.)

2. The Supreme Court has stated that "[t]he starting point in every case involving construction of a statute is the language itself." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). Here, the plain language of the statute clearly indicates that the Trustee is responsible for more than the payment of "rent". As indicated in *In re Tandem Group, Inc.*, 60 B.R. 125 (Bkrtcy.C.D.Cal.1986), "the only logical inference that can be drawn from these subsections is that to preserve the ability to assume the lease, the debtor, or trustee, must perform *all lease obligations during the sixty-day period and during any court authorized extension*." *Id.* at 127. Emphasis added.

If Congress had meant to restrict the trustee's post-petition responsibility to merely "rent," in the narrow sense urged by the Trustee, it could easily have so stated. Instead, the statute calls for timely performance of *all* the obligations of the debtor, with only three exceptions, as set forth in § 365(b)(2), namely, breach of lease provisions relating to the solvency or financial condition of the debtor, commencement of a case under Title 11, U.S.C., or the

appointment or taking possession of the debtor's estate by a trustee or custodian. There is no claim by the Trustee or other party that Campbell Estate's claim for fees falls into one of these categories.

It seems clear that the intent of Congress here was that the lessor not suffer any risk or loss by failure of the debtor or trustee to timely perform its obligations under the Code. "The intent of Congress, evidenced both by the statutory language and the legislative history, makes clear that section 365(d) was amended to protect lessors from the risk of loss in bankruptcy cases due to the trustee failing to make timely provision for unexpired leases." *Matter of Longua*, 58 B.R. 503, 506 (Bkrtcy.W.D.Wis.1986). Such loss would include attorney's fees necessarily and reasonably incurred by the lessor in protecting its rights under its lease with the debtor, and this Court accordingly concludes that such amounts should be paid, if required to be reimbursed under the lease agreement.

■ 3. Such a conclusion is in line with prior decisions of this Court applying § 365(d)(3). In *In re Gillis*, 92 B.R. 461 (Bkrtcy.D.Hawaii 1988), this Court ruled that the lessor in that case was entitled to recover "full rent obligations" under § 365(d)(3). *Id.* at 465. And, such full rent obligations were expressly found by the Court to include the lessor's reasonable attorneys' fees. *Id.* at 464.

4. The Trustee cites language in *In re Victoria Station*, 88 B.R. 231 (9th Cir. BAP 1988), for the proposition that only post-petition rental payments be paid. *See* 88 B.R. at 236, n. 7. The Court, however, finds that *Victoria Station* is inapposite for three reasons. First, there is no indication that the court used the term "rental payments" in the narrow sense urged by the Trustee. Second, the language in that opinion cited to by the Trustee nowhere indicates that such "rental payments" are the only obligations which must be met under § 365(d)(3). Third, the court in that case noted that "all post-petition obligations were satisfied" by the debtor. *Id.* at 236. That clearly distinguishes *Victoria Station* from the present situation, where

the Debtor had not satisfied all post-petition obligations and the lessor was obligated to file a motion and expend legal fees to enforce its rights under § 365(d)(3).

5. In addition, in *Victoria Station*, as the Court stated the three issues before the Panel were:

There are essentially three issues before this Panel which have arisen from the instant appeals. First, whether the appeals are moot under 11 U.S.C. § 363(m) because of the eventual assignment of the subject lease. Second, if the appeals are not moot, whether 11 U.S.C. § 365(d)(4) allows for multiple extensions of the time to assume a lease when the motion seeking an extension is filed outside the initial sixty (60) days contemplated by § 365(d)(4), but within the time frame of a previously granted extension. Finally, whether the lack of notice to Willamette violates due process thereby rendering the second extension void and thus preventing any subsequent assumption and assignment.

The Panel was not faced with the issue now before this Court.

6. The leases here specifically give Campbell Estate the right to recover its reasonable attorneys' fees in enforcing the covenants of the lease, in remedying any breach and in collecting any delinquent rent, taxes or other charges. In the prior hearings before this Court, neither the Trustee nor the Debtor disputed Campbell Estate's assertion that the Debtor had failed to make payment of post-petition rents, taxes and other charges. The Campbell Estate was also required to incur attorneys' fees in placing security personnel upon the property in face of its impending abandonment by the Debtor. The Campbell Estate had a reasonable fear that upon abandonment the leasehold premises would be subject to damage through vandalism and theft. The incurring of attorneys' fees in such a situation was reasonable and appropriate. *See In re Westworld Community Healthcare, Inc.*, 95 B.R. 730 (Bkrtcy. C.D.Cal.1989).

7. For the foregoing reason, the Court concludes that under the provisions of its leases with the Debtor and under

§ 365(d)(3) Campbell Estate is entitled to reimbursement from the Trustee of its reasonable attorneys' fees.

8. As stated in *In re Westworld Community Healthcare, Inc.*, 95 B.R. 730 at 734 (Bankr.C.D.Cal.1989):

> In my view, the following three-prong test should apply when approving reimbursement of attorneys' fees in connection with an assumed lease: (i) Does the expense directly or indirectly relate to a default under the lease; (ii) if so, was the expense necessary to cure the default, adequately protect the landlord against future defaults, or indemnify the landlord against loss; and (iii) if so, was the expense reasonable under the circumstances?

9. The bankruptcy court has a duty to examine the reasonableness of all fees requested, even if there is no objection. *Matter of Daylight Transport, Inc.*, 42 B.R. 20 (Bkrtcy.E.D.N.Y.1984), *In re Four Star Terminals, Inc.*, 42 B.R. 419 (Bkrtcy. D.Alas.1984).

10. The attorney's time sheet must be adequate to show the amount of time spent and the manner in which it was spent. Mere entrance such as "research", "conference" or "telephone call" is insufficient.

11. The Court having reviewed the time sheets, denies the following services for the reasons stated:

| Date | Services Rendered | Reason | Amount |
|---|---|---|---|
| 06/06 | Research–advancing costs/security | Self –education | 90.00 |
|  | " –security agreement | " " | 108.00 |
| 06/07 | " –lease obligations | " " | 90.00 |
|  | " –independent contractor | " | 240.00 |
|  | " –advance/security | " " | 405.00 |
| 06/21 | Research–reject lease | Done 06/20 | 70.00 |
| 06/28 | " " " | " " | 180.00 |
| 07/17 | Compute amounts owing | Done 07/16 | 330.00 |
| 07/19 | Research–reject lease | Done 06/20 | 435.00 |
| 07/20 | " " " | " " | 690.00 |
| 07/22 | " " " | " " | 750.00 |
| 07/27 | " " " | " " | 360.00 |
| 07/31 | " –interpleader | Done 07/30 | 584.00 |
| 08/01 | " " | " " | 376.00 |
| 08/06 | " –extend time | Done 08/02 | 384.00 |
| 08/07 | " " " | " " | 375.00 |
| 08/12 | Draft memo | Done previous | 1110.00 |
| 08/15 | Review pleadings | Excessive | 525.00 |
| 08/20 | Research–assume lease | Done 08/19 | 660.00 |
| 08/21 | " " " | " " | 1065.00 |
|  | TOTAL DEDUCTIONS |  | $8,827.00 |
|  | 4% tax |  | 353.08 |
|  | TOTAL DEDUCTIONS |  | $9,180.08 |

12. To the extent that these Conclusions of Law constitute Findings of Fact, they shall be so deemed. The Court shall issue a judgment forthwith.

### JUDGMENT

Pursuant to the Findings of Fact and Conclusions of Law in the above-entitled case(s),

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is awarded in favor of Campbell Estate and is awarded $18,467.57 in attorneys' fees and costs incurred in enforcing its rights under the lease with the Debtor. The Trustee shall pay this amount forthwith.