**In re KORS, INC., Debtor.**

**RUTLAND INDUSTRIAL DEVELOP-MENT CORPORATION,**
Plaintiff-Appellee,

v.

**KORS, INC., Defendant-Appellant.**

Bankruptcy No. 80–255.

United States Bankruptcy Court,
D. Vermont.

June 25, 1982.

James S. Abatiell, Rutland, Vt., for Rutland Indus. Development Corp.

David D. Robinson, Rutland, Vt., trustee.

Jerome I. Meyers, Springfield, Vt., for trustee.

William Dagger, Rutland, Vt., for The Howard Bank.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The written request of Rutland Industrial Development Corporation for determination of its claim as an administrative expense came on for hearing.

From the representations of counsel at said hearing it has been established that the rent claimed by Rutland Industrial Development Corporation in the sum of $50,-022.25 was all incurred by the debtor during the Chapter 11 proceeding; that the proceeding was converted to Chapter 7 liquidation on August 13, 1981 but the trustee continued to occupy the leased premises and continued production until November 13, 1981 even though he neither assumed nor rejected the lease. Nevertheless, the trustee is willing to assume the obligation of the rent reserved under the lease until November 13, 1981 with payment having already been made by him through September 30, 1981.

When a proceeding is converted from Chapter 11 to a Chapter 7 liquidation the same notice must be given of the conversion order as required for an order for relief under Section 342 of the code. See Sec. 348(c). Under this section the time the trustee or debtor in possession has for assuming or rejecting executory contracts recommences with the conversion order thereby giving the newly appointed trustee the opportunity to familiarize himself with the case. 2 Collier 15th Ed. 348–5 Sec. 348.04.

Sec. 365(d) provides that if the trustee does not assume or reject an executory contract or unexpired lease of the debtor within 60 days after the order for relief, the contract or lease is deemed rejected. In the instant case, pursuant to Sec. 348(c), the 60 days would run from the date of conversion on August 13, 1981. The trustee neither assumed nor rejected. Hence, the lease was considered rejected as of October 13, 1981 but the trustee does concede that he is obligated, for the rent reserved as an expense of administration up to November 13, 1981. As of that date the lease is considered terminated and the applicant as lessor is relegated to a limited claim for damages prescribed under Section 502(b)(7)(A) of the Bankruptcy Code.

It also appears that the rent for August, 1981 is included in the $50,022.25 claimed by the application in the Chapter 11 proceeding. Therefore, the unpaid rent to which RDIC is entitled in Chapter 7 is for the months of September, October and the first 13 days of November, 1981. The trustee has paid the September rent leaving unpaid that due from October 1 through November 13, 1981. This amounts to $7,995.15.

### ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED, ADJUDGED and DECREED that Rutland Industrial Development Corporation is entitled to the following:

1. The sum of $50,022.25 for rent as an expense of administration under Chapter 11.

2. The sum of $7,995.15 for rent as an expense of administration under Chapter 7.

And it is further

ORDERED that any claim of Rutland Industrial Development Corporation for damages resulting from the termination of its lease with the debtor is subject to the filing requirements of the Bankruptcy Code, the Rules for Bankruptcy Procedure as well as the Interim Bankruptcy Rules and its allowance is subject to the limitations prescribed by Section 502(b)(7)(A) of the Bankruptcy Code.