In re Ramon **GALVAN** and Xochitl Galvan dba Casa Bonita, Debtors.

**Bankruptcy 86–02668–LM7.**

United States Bankruptcy Court, S.D. California.

Feb. 21, 1986.

Bruce M. Hirsch, San Diego, Cal., for debtors.

Don Bokovoy, Karp & Richardson, San Diego, Cal., for movants.

Donald Sutherland, Rancho Santa Fe, Cal., trustee.

## MEMORANDUM OF DECISION

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

Plaza Bonita Developers, landlord of Ramon and Xochitl Galvan doing business as Casa Bonita ("Galvan") has moved for an order compelling Donald Sutherland ("Sutherland"), the Chapter 7 trustee, to immediately pay rent and for other relief.

Galvan filed a Chapter 7 proceeding on June 7, 1985. On June 12, 1985, Sutherland was appointed interim trustee. On July 9, 1985, Plaza Bonita noticed its intention to stipulate with the Chapter 7 trustee, the debtors and their counsel at the § 341(a) meeting that the lease be rejected. This notice of intent was circulated to all creditors. Although the § 341(a) meeting was held on July 31, 1985, the trustee apparently did not concur with Plaza Bonita's intended stipulation and on August 2, 1985, four days before the expiration of the 60-day period reserved by 11 U.S.C. § 365(d)(4), filed his *ex parte* motion for an extension of time to assume or reject this shopping center lease. A cross-motion compelling the trustee's immediate decision on the lease was filed and both *motions* heard by my colleague Judge James W. Meyers. Judge Meyers granted the trustee ten additional days to assume or reject the Plaza Bonita lease.

The remaining issue reserved for decision was whether Plaza Bonita was entitled to immediate payment of the rent due it during the period that the trustee was deciding whether he would assume or reject the lease.

The 1984 Amendments added 11 U.S.C. § 365(d)(3) and (4) to solve the problems created for lessors of non-residential real property when a tenant files for relief under any chapter of the Bankruptcy Code. 11 U.S.C. § 365(d)(4) requires a trustee to assume or reject an unexpired lease of non-residential real property within 60 days after the order for relief or within such additional time as the Court may allow. However, 11 U.S.C. § 365(d)(3) requires that trustee to "timely perform all the obligations of the debtor ... arising from and after the order for relief ... until such lease is assumed or rejected, notwithstanding Section 503(b)(1) of this title." Although the court may extend the time for performance of the trustee's duties under § 365(d)(3), the performance may not be deferred beyond the 60-day period after the entry of the order for relief.

 Where, as here, the trustee is appointed in a case in which the debtor has ceased operations at the business premises and is without funds with which to pay rent, the trustee must immediately assess the situation, decide which leases are to be assumed and raise the necessary funds to make lease payments. It is not prudent for the trustee to wait until the § 341(a) hearing (held 54 days after the order for relief was entered in this case) to commence his investigation of the merits of assuming or rejecting the debtor's lease arrangements. In this case, $5,958 of rent had already accrued by the date of the § 341(a) hearing. Although he can apply for additional time to assume or reject a lease under § 365(d)(4), the trustee must commence rental payments on the 60th day, since the Court cannot extend this grace period.

As observed in *2 Collier On Bankruptcy,* (15th Ed.):

While the genesis of section 365(d)(3) was an understandable impatience with the trustee's delays in curing defaults and failure to preserve the status quo by making interim payments, the result is somewhat unrealistic in major cases, particularly those in Chapter 11. Para. 365.-03, p. 365–31.

The result in Chapter 7 cases is even more drastic. The trustee is now compelled to hastily reject the debtor's lease arrangements without attempting to explore the possibility of a sale of the fixtures, leasehold improvements and lease because of his concern over saddling the estate with an administrative rent obligation which must be paid in full in cash on the 60th day after the case was filed and on a timely basis every month thereafter,

regardless of whether any possible sale transaction has closed.

Apparently, a legislative decision has been made to sacrifice the potential for realizing on certain assets of the estate for the benefit of all creditors so as to minimize the potential for harm which might be caused by delay in payment to only one class of creditor—landlords. This is a judgment within the province of the legislature to make and not within the province of the Court to change no matter how deleterious the effect may be on maximizing recovery in liquidation proceedings. After all, it may be argued that the time limitations imposed by § 365(d)(3) only spread to all creditors that burden which was previously borne only by the landlord. [*See, In re By-Rite Distributing, Inc.,* 47 B.R. 660, 665 (Bankr.D.Utah 1985) ].

■ Since § 365(d)(3) requires that the trustee *timely* perform all the obligations of the debtor under the lease, Plaza Bonita is entitled to immediate payment of the rent reserved under the lease from the date this case was filed to the date Sutherland actually rejected the lease. Counsel for Plaza Bonita is directed to prepare an order in accordance with this decision.