In re The TANDEM GROUP, INC., Debtor.

Bankruptcy No. SA 86–00271.

United States Bankruptcy Court, C.D. California.

May 15, 1986.

John R. Gardener, Gardener & Riechmann, Santa Ana, Cal., for Alcan Bldg. Products.

Bonnie L. McCarthy of the Law Offices of Jon Stuhley, Tustin, Cal., appeared on behalf of Chapter 7 Trustee.

## MEMORANDUM OPINION

RALPH G. PAGTER, Bankruptcy Judge.

Landlord's application for immediate payment of administrative expenses came on regularly for hearing on April 3, 1986. John R. Gardener appeared on behalf of the landlord, Alcan Building Products ("Alcan"). Bonnie L. McCarthy appeared on behalf of the Chapter 7 Trustee ("Trust-

ee"). At the conclusion of said hearing, landlord's application was denied, without prejudice. The following fairly extensive discussion spells out the basis for this ruling by analyzing certain issues that appear to be matters of first impression concerning sections 348(c), 365(d) and 726(b) of the Bankruptcy Code.

## BACKGROUND

Debtor filed a voluntary Chapter 11 petition on January 16, 1986. On March 7, debtor filed a motion to extend the time to assume or reject the subject sublease of nonresidential real property. Pursuant to an order shortening time, the motion was heard on March 13, at which time the court took the matter under submission. The sixty-day period to assume or reject the sublease expired on March 17. See 11 U.S.C. § 365(d)(4). On that date, this court entered an order conditionally granting the motion, provided that debtor paid all postpetition rent due under the sublease by close of business on the 17th, and remained current on subsequent pecuniary obligations due under the sublease that arose during the extension. However, debtor did not have the necessary funds and therefore consented to conversion of its case to Chapter 7. Subsequently, Jon R. Stuhley was appointed Interim Trustee.

Debtor entered into the subject sublease with Alcan in March 1984. Under the terms of the agreement, the sublease expires in December 1990. The sublease requires debtor to pay monthly rent of $33,-000. Debtor has paid no rent since October 1985.

## THE INSTANT APPLICATION

Alcan seeks payment of postpetition rent through March 1986 in the sum of $81,-967.80. This amount includes fifteen days of postpetition rent for January along with the months of February and March.

## THE OBJECTION OF THE CHAPTER 7 TRUSTEE

Trustee asserts, pursuant to subsection 726(b), that administrative rent may not be paid at this time. Trustee adds that the reasonable value of the premises *as used by the debtor* is substantially less than $33,000 per month. Most importantly, Trustee also argues that the long-term sublease is a substantial asset of the estate that he may assume and assign because section 348(c) provides that when debtor converted the instant case to Chapter 7 a new sixty-day period to assume or reject the sublease arose in favor of Trustee.

## DISCUSSION

### A. REJECTION OF THE LEASE: *Section 365(d)(4) v. Section 348(c)*

Although the Trustee's ability to assume the subject sublease is not directly before the court, his ability to assume the lease does affect the amount of postpetition rent that the Trustee will be required to pay to Alcan. Therefore, the court will address the issue of whether the Trustee has an additional sixty days to assume or reject a nonresidential real property lease where the debtor converts to Chapter 7 on the sixtieth day after filing its Chapter 11 petition and has paid no postpetition rent.

Unfortunately, the legislative history involved in enacting many provisions of the Bankruptcy Amendments and Federal Judgeship Act ("BAFJA") is less than complete. As a result, courts have had to interpret provisions of BAFJA without a clear indication of legislative intent. The legislative history that exists is primarily contained in the Congressional Record accounts of the floor debate concerning the proposed law.

In a previous opinion, this court held that an extension of time to assume or reject a nonresidential real property lease may only be granted if the debtor or trustee timely satisfies all postpetition pecuniary obligations arising under the lease, and that the amounts due for the sixty-day period must be paid before the expiration of said period. *See In re The Tandem Group*, 60 B.R. 125, 127 (Bankr.C.D.Cal.1986) ("*Tandem I*"). *Accord: In re Galvan*, 57 B.R. 732, 733 (Bankr.S.D.Cal.1986). In so hold-

ing, the court relied on the comments of Senator Hatch concerning payment of rent and other charges while the decision to assume or reject is pending. *Tandem I*, 60 B.R. at 127.

This court has found no evidence of legislative intent concerning the post-BAFJA interaction between sections 365(d)(4) and 348(c) of the Code. Section 365(d)(4), enacted as part of BAFJA, provides that the trustee or debtor-in-possession must assume or reject an unexpired lease of nonresidential real property within sixty days of the order for relief. The provision was designed to protect landlords from the delay and uncertainty regarding assumption or rejection of nonresidential real property leases by requiring prompt action to assume the lease. *In re Southwest Aircraft, Inc.*, 53 B.R. 805, 810–11 (Bankr.C.D.Cal. 1985). Section 348(c), enacted as part of Bankruptcy Reform Act of 1978, provides that when a case is converted, i.e. from Chapter 11 to Chapter 7, section 365(d) shall apply as though the conversion order were the order for relief. This provision was intended to give the newly appointed trustee an opportunity to familiarize himself with the case prior to making the decision whether to assume or reject. *In re Kors, Inc.*, 22 B.R. 19 (Bankr.D.Vt.1982). The facts of the instant case raise the unanticipated conflict between the competing policies underlying these respective provisions.

■ The plain language of section 348(c) clearly incorporates section 365(d), resulting in an unambiguous inference that the sixty-day period recommences when the order of conversion is entered. Under the normal rules of statutory construction, the language of a statute controls when it is sufficiently clear in its context; however, an examination of legislative history is permissible to determine whether support exists for alternative meanings. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 200, 96 S.Ct. 1375, 1384, 47 L.Ed.2d 668 (1976). Moreover, an extraordinary showing of contrary intentions justifies a limitation on the plain meaning. *United States v. Gar-*

*cia,* 469 U.S. 70, ——, 105 S.Ct. 479, 482, 83 L.Ed.2d 472, 477 (1985). The clear intent concerning assumption of nonresidential real property leases and the fact that section 348(c) predates subdivisions (3) and (4) of subsection 365(d) combined with the relative haste in which BAFJA was enacted constitutes extraordinary circumstances warranting a departure from the plain meaning of section 348(c).

As indicated above, section 365(d)(4) was designed to require the trustee or debtor-in-possession to assume or reject a lease of nonresidential real property within sixty days of the order for relief. If a timely extension is not granted, the lease is deemed rejected. If subsequent to conversion, the trustee is given an additional sixty days to assume or reject, then this clear policy will be defeated.

The present language of section 365(d) is considerably different from its original text, which was enacted along with section 348(c). Although section 348(c) has remained intact, section 365(d) was substantially revised by BAFJA. *In re By-Rite Distributing, Inc.*, 47 B.R. 660, 663 (Bankr. D.Utah 1985), *rev'd on other grounds*, 55 B.R. 740 (D.Utah 1986). When section 348(c) was enacted, the trustee or debtor-in-possession could assume or reject an unexpired lease of nonresidential real property at any time before confirmation of a plan.

Prior to the BAFJA amendments to subsection 365(d) no fixed time limits existed to assume leases in cases filed under or converted to Chapters 9, 11 or 13. Also, in cases filed under Chapter 7, or converted thereto, the trustee had sixty days after filing or conversion to assume such leases. As a result, subsections 365(d) and 348(c) could be read harmoniously. Without section 348(c), it could have been argued that in a case commenced under Chapter 11 or 13, but converted to Chapter 7, the time to assume a lease expired sixty days from date of filing. Thus, a trustee might have only minimal time to decide to assume a lease. The reported decisions involving conversions to Chapter 7 consistently held that pursuant to subsection 348(c) the

trustee had sixty days from the order of conversion to assume any leases. *See, e.g., In re Kors,* 22 B.R. 19 (Bankr.D.Vt.1982); *In re Butcher Shop and Deli of Miami Inc.,* 45 B.R. 239, 240 (Bankr.S.D.Fla.1984). Just as importantly, this court was cited to and has found no cases which limited the time to assume to the initial sixty-day period in a case begun under Chapter 7 but converted to Chapter 11 or 13 within sixty days from date of filing. Rather the expanded time frame of section 365(d)(2) applied in such circumstances. Finally, if a case commenced under Chapter 7 was converted to one under Chapter 11 or 13 more than sixty days after the order for relief, the debtor-in-possession or the trustee could not assume any leases. *In re Mead,* 28 B.R. 1000 (E.D.Pa.1983).

The BAFJA amendments to subsection 365(d) add the words "of residential real property and of personal property" after the words "unexpired lease" in subparts (1) and (2) and add subparts (3) and (4). Under subpart (3), the trustee must perform the debtor's obligations under the lease during the sixty-day period. For cause, the court may extend the performance until the sixtieth day, *but not* thereafter. Moreover, under subpart (4), which applies only to leases of nonresidential realty, if such a lease is not assumed within sixty days, or such additional time as the court fixes, the lease is deemed rejected, and the trustee must deliver possession to the lessor.

■■■ With these changes in subsection 365(d) in mind, it is now proper to consider some rules of statutory construction. One such well-established rule is that a particular provision should not be read in isolation from an entire act; the provision should be interpreted in light of whole law and its purpose. *Richards v. United States,* 369 U.S. 1, 11, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962). In construing potentially inconsistent provisions of the Bankruptcy Code, the different sections should, if possible, be interpreted in a manner that harmonizes the discrepancy, rather than highlights it. *In re Kaveney,* 60 B.R. 34, 36 (9th Cir.BAP 1985). The conflict between section 348(c) and 365(d)(4) is most easily reconciled by

following the holding in *In re Mead, supra.* By adopting this approach virtually all of the salutory purposes of section 348(c) are preserved without impinging upon the clear mandate of and policy behind subsection 365(d)(4). Therefore, this court holds that the subject sublease is deemed rejected, regardless of the subsequent conversion, because the sublease was not assumed within the sixty-day period.

■■■ Alternatively, the same conclusion can be reached by examining the effect of this court's March 17 order on the Chapter 7 Trustee. The Trustee is bound by previous acts of the debtor-in-possession. *In re Southland Supply, Inc.,* 657 F.2d 1076, 1080 (9th Cir.1981). The March 17 order provided that unless all amounts due under the sublease during the sixty-day period were paid by close of business on the 17th or the lease would be deemed rejected. Debtor admittedly failed to pay the necessary sum. Therefore, the sublease is deemed rejected. Pursuant to *Southland Supply, supra,* this result is binding on the Trustee as well as the debtor.

B. TIME FOR PAYMENT: *Section 365(d)(3) v. Section 726(b).*

The failure to pay the required amounts on March 17, combined with the expiration of the sixty-day period on that date resulted in the rejection of the subject sublease. In the usual case, the landlord herein would be entitled to payment of the rent specified in the sublease for the sixty-day period because the debtor in possession or trustee must perform all obligations that arise under the sublease. 11 U.S.C. § 365(d)(3); *see In re T.F.P. Resources,* 56 B.R. 112, 117 (Bankr.S.D.N.Y.1985); *In re S & F Concession, Inc.,* 55 B.R. 689, 690–91 (Bankr.E.D.Pa.1985). However, the instant case exposes the conflict between subsection 365(d)(3) and subsection 726(b) of the Code, apparently another issue of first impression.

Subsection 726(b) provides that administrative expenses incurred while a case is pending under Chapter 7 shall be paid prior to expenses of administration accrued under any other chapter proceeding. The

Trustee herein responded to landlord's application by asserting that landlord may not be paid until it is clear that sufficient funds exist to pay all Chapter 7 expenses. If the rent required under section 365(d)(3) is entitled to no greater status than an expense of administration, then the Trustee's argument must prevail. This court has found no evidence that Congress intended a super-priority for subsection 365(d)(3) expenses.

Subsection 365(d)(3) provides that all obligations must be performed until the lease is assumed or rejected *notwithstanding* section 503(b)(1). Two possible inferences arise from the "notwithstanding" language of subsection 365(d)(3). First, that subsection 365(d)(3) requires that rent due for the sixty-day period must be paid ahead of all subsection 503(b) administrative expenses; or second, that such rent continues to be an administrative expense, but the landlord is not required to apply to the court for payment.

The court has found three reported decisions concerning subsection 365(d)(3) which hold that the debtor or trustee must immediately pay amounts due under the lease during the sixty-day period. *In re Galvan, supra,* 57 B.R. at 732–33; *In re S & F Concession, Inc., supra,* 55 B.R. at 691; *In re Barrister of Delaware,* 49 B.R. 446, 447 (Bankr.D.Del.1985). The *Galvan,* and *S & F Concession* decisions hold that rent due during the sixty-day period must be paid immediately and necessarily ahead of other administrative expenses. In *Barrister of Delaware,* the court limited the effect of subsection 365(d)(3) to eliminating the application procedure for payment to the landlord.

■ None of the aforementioned cases controls the outcome herein. Each of them was commenced under Chapter 7, so the conflict with subsection 726(b) did not occur. Moreover, none of them addresses the problem of the estate's having insufficient funds to pay the rent and other expenses of administration. Had Congress intended to create a super-priority for subsection 365(d)(3) it would have done so by express statutory language. As the court in *Galvan, supra,* correctly indicates, rent due during the sixty-day period remains an expense of administration. *In re Galvan, supra,* 57 B.R. at 733. This court elects to follow the *Barrister of Delaware* decision, and holds that subsection 365(d)(3) rent is an administrative expense, entitled to no greater priority than other expenses of administration. Therefore, the order of payment established by subsection 726(b) applies to the rent sought by Alcan.

■ Trustee's objection to payment of any Chapter 11 expenses before he ascertains whether sufficient funds exist to pay Chapter 7 administrative expenses is sustained. Furthermore, until the Trustee informs the court and moving party that the estate contains sufficient funds to pay anticipated Chapter 7 expenses and Chapter 11 expenses, *see In re Chips'N Twigs, Inc.,* 58 B.R. 109 (Bankr.E.D.Pa.1986) (certain administrative expenses may not be fully paid where insufficient funds exist to pay all such expenses), the court postpones its determination of the amount of administrative rent due and owing to moving party.

The above-opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.