OPINION
 

 SILVERMAN, Circuit Judge.
 

 I. Background
 

 LPM Corporation operated a chain of over 40 retail stores known as La Jolla Pool & Mattress. One of the stores was located on property leased from Kir Teme-cula. In January 2000, LPM filed a chapter 11 petition. After doing so, LPM failed to pay the rent. On March 20, 2000, Kir Temecula, pursuant to 11 U.S.C. § 365(d)(3),
 
 [1]
 
 moved the bankruptcy court
 
 *1136
 
 for an order compelling LPM to pay all post-petition rent and to surrender the leased premises.
 

 On May 9, 2000, the bankruptcy court granted the motion. It ordered that the leased premises “is hereby deemed rejected” and it ordered LPM to surrender the premises. With respect to the rent, it ordered as follows:
 

 Debtor shall immediately, and by no later than two weeks after entry of this Order, deliver payment to KIR TEME-CULA L.P., c/o [its attorneys] of the post-petition/administrative rental obligations that have accrued under the Lease through April 30, 2000 in the total sum of $43,529.08, ...
 

 IT IS SO ORDERED.
 

 After LPM paid only $10,000 of the amount ordered, Kir Temecula filed with the clerk of the bankruptcy court a request for a writ of execution, and served a notice of levy on LPM and its bank, North County Bank. On the same day the levy was served but before the levy was complete, LPM’s chapter 11 case was converted to a chapter 7. The bank froze the funds in the account sufficient to satisfy the levy, but refused to release the funds until further order of the court. Kir Temecula then moved the bankruptcy court for an order directing the bank to release the funds to Kir Temecula to satisfy the levy.
 

 The bankruptcy court denied the motion, ruling, first, that the levy violated the automatic stay because the bankruptcy court’s May 9, 2002 ordering payment of post-petition rent did not lift the stay imposed when the chapter 11 petition was filed; and second, that Kir Temecula’s claim for its post-chapter 11 rent was not entitled to priority over chapter 7 administrative expenses.
 
 In re LPM Corp.,
 
 253 B.R. 914 (Bankr.S.D.Cal.2000). The Bankruptcy Appellate Panel (“BAP”) affirmed.
 
 In re LPM Corp.,
 
 269 B.R. 217 (9th Cir. BAP2001).
 

 II. Jurisdiction and Standard of Review
 

 We have jurisdiction pursuant to 28 U.S.C. § 158(d) and review de novo whether the automatic stay, 11 U.S.C. § 362, has been violated.
 
 In re Del Mission Ltd,.,
 
 98 F.3d 1147, 1150 (9th Cir.1996). Similarly, we review de novo the bankruptcy court’s interpretation of the Bankruptcy Code and Rules.
 
 In re Celebrity Home Entm’t, Inc.,
 
 210 F.3d 995, 997 (9th Cir.2000).
 

 III. Discussion
 

 A. The application for a writ of execution violated the automatic stay.
 

 Section 362, the automatic stay provision, prevents any collection activity against property of the estate unless the stay is lifted. 11 U.S.C. § 362 (2002). However, if the stay has been lifted, a creditor may proceed to enforce collection by a writ of execution.
 
 Id.
 
 § 362(d)-(g); Bankruptcy Rule 7069. The first issue we face is whether the bankruptcy court’s payment order of May 9, 2002 directing LPM to “immediately” pay the back rent, in a specific amount, by a date certain, was sufficient authority for Kir Temecula to obtain a writ of execution from that very court, without further ado, when LPM
 
 *1137
 
 failed to comply. We hold that it was not. By virtue of § 362(a)(3), Kir Temecula was required to obtain the bankruptcy court’s explicit lifting of the stay before it could commence collection proceedings. This is not a meaningless formality. Were the rule otherwise, the bankruptcy court would be at risk of losing control of the case. LPM’s 40 or more different landlords, for example, might be turned loose with writs of execution to collect back rent found to be due under § 365(d)(3). As the BAP put it, such a situation:
 

 could create havoc for a debtor attempting to reorganize. For this reason among others, Congress stayed such actions and required creditors to proceed in an orderly way by requesting relief from the automatic stay. See
 
 Dean v. Trans World Airlines, Inc.,
 
 72 F.3d 754, 755 (9th Cir.1995) (recognizing that the automatic stay serves two purposes: 1) it grants the debtor breathing room and provides time to attempt reorganization, and 2) it prevents creditors from racing to the courthouse in an attempt to drain the debtor’s assets). Although Kir Teme-cula might view the need to get an additional order as a waste of time, the Code jealously protects the process by which a creditor proceeds against property of the estate as fundamental and absolute.
 
 See Schwartz v. United States (In re Schwartz),
 
 954 F.2d 569, 571 (9th Cir.1992).
 

 In re LPM Corp.,
 
 269 B.R. at 222.
 

 B. Rent claims under § 365(d)(3) do not have super-priority over chapter 7 administrative claims.
 

 We also agree with the bankruptcy court and the BAP that Section 365(d)(3) does not give chapter 11 claims such as Kir Temecula’s super-priority over chapter 7 administrative creditors, who are entitled to be paid first by virtue of § 726(b).
 
 [2]
 
 For that reason, the court correctly denied Kir Temecula’s motion for an order directing the bank to release the funds caught by Kir Temecula’s levy.
 

 We have not previously considered this precise issue: whether Chapter 11 rent claims that have administrative priority pursuant to § 365(d)(3) also have priority over other administrative claims when the estate becomes administratively insolvent or the bankruptcy is converted to a Chapter 7. In
 
 In re Pacific-Atlantic Trading Co.,
 
 27 F.3d 401 (9th Cir.1994), we held that a trustee’s failure to pay rent under a non-residential real estate lease for the period prior to rejection of the lease pursuant to § 365(d)(3) gives rise to an administrative claim for the full contractual amount of the rent accrued, not merely its fair market value.
 
 Id.
 
 at 401. We specifi
 
 *1138
 
 cally declined to reach the super-priority issue.
 
 Id.
 
 at 405.
 

 Section 365(d)(3) provides a landlord with administrative priority for post-petition commercial rent in Chapter 11 proceedings. Congress added § 365(d)(3) in 1984 to protect real property lessors during the period between the date the petition is filed and the date the debtor assumes or rejects a pre-petition lease.
 
 Id.
 
 at 403-04. We have interpreted § 365(d)(3) broadly, consistent with its purpose of ensuring immediate payment of lease obligations to protect landlords pending the trustee’s decision to assume or reject a lease.
 
 In re Cukierman,
 
 265 F.3d 846, 850-51 (9th Cir.2001). We have held that claims for post-petition rent arising under § 365(d)(3) are entitled to administrative priority, even if those claims exceed the reasonable value of the debtor’s actual use of the property or the rents actually represent repayment of promissory notes included in the lease agreement.
 
 In re Cukierman,
 
 265 F.3d at 850;
 
 In re Pacific-Atlantic Trading Co., 27
 
 F.3d at 401.
 

 Although Congress gave post-chapter 11 rent administrative priority in chapter 11 proceedings, it did not authorize super-priority over other administrative expenses in the event the case is converted to a chapter 7. To the contrary, Section 726(b) gives Chapter 7 administrative claims priority over Chapter 11 administrative claims.
 
 See
 
 11 U.S.C. § 726(b).
 
 [3]
 
 Had Congress intended to grant the priority Kir Temecula now seeks, Congress could have done so when it amended the code to add § 365(d)(3).
 
 In re Microvideo Learning Sys., Inc.,
 
 232 B.R. 602, 607 (Bankr.S.D.N.Y.1999),
 
 aff'd,
 
 227 F.3d 474 (2d Cir.2000) (per curiam);
 
 In re J.T. Rapps, Inc.,
 
 225 B.R. 257, 263 (Bankr.D.Mass.1998);
 
 In re The Tandem Group, Inc.,
 
 61 B.R. 738, 742 (Bankr.C.D.Cal.1986).
 
 But see In re Endy,
 
 104 F.3d 1154, 1157-58 (9th Cir.1997) (despite Congress’ failure to address payment priority in § 726(b) Congress clearly intended Chapter 123 United States Trustees to have priority equal to Chapter 7 expenses and superior to Chapter 11 expenses and trustees’ fees).
 

 We agree with the vast majority of the courts that have considered the issue that post-Chapter 11 rent claims have administrative priority and are entitled to payment under § 365(d)(3), unless the case is converted to a Chapter 7. In that event, the claims are paid as specified in 11 U.S.C. § 726.
 
 See, e.g., In re J.T. Rapps, Inc.,
 
 225 B.R. at 262-63;
 
 In re MJ 500, Inc.,
 
 217 B.R. 93, 95 (Bankr.D.Mass.1998);
 
 In re Tel-Central Communications, Inc.,
 
 212 B.R. 342, 349 (Bankr.W.D.Mo.1997) (assuming that § 366 has the same effect as 365(d)(3) and 365(d)(10));
 
 In re Printcrafters, Inc.,
 
 208 B.R. 968, 972-73 (Bankr.D.Colo.1997);
 
 In re The Tandem Group, Inc.,
 
 61 B.R. at 742;
 
 cf. Microvideo Learning Sys., Inc.,
 
 232 B.R. at 606 (debt- or administratively insolvent but not yet converted to Chapter 7).
 

 AFFIRMED.
 

 [1]
 

 . Section 365(d)(3) provides:
 

 The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The
 
 *1136
 
 court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.
 

 [2]
 

 .
 
 Section 726 provides in relevant part:
 

 (a) Except as provided in section 510 of this title, property of the estate shall be distributed—
 

 (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title [507(a)(1) gives administrative expenses first priority] ...
 

 (b) Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6), (7), or (8) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section 1009, 1112, 1208, or 1307 of this title, a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.
 

 [3]
 

 .
 
 See also
 
 11 U.S.C. § 364(c)(l)(the court can afford super-priority for post-petition borrowing if the debtors cannot obtain unsecured credit); 11 U.S.C. § 507(b) (Section 507(b) claims receive super-priority when adequate protection under § 361 fails).