**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAREED SEPEHRY-FARD, | No. 18-16904 |
| Appellant, | D.C. No. 5:17-cv-06577-BLF |
| v. | |
| U.S. TRUSTEE; et al., | MEMORANDUM[*] |
| Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Debtor Fareed Sepehry-Fard appeals pro se from the district court's judgment affirming the bankruptcy court's order discharging the chapter 13 trustee and closing the bankruptcy case. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a district court's decision on appeal from a bankruptcy court,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court properly discharged the chapter 13 trustee and closed Sepehry-Fard's case after the trustee filed a final report and account certifying that the bankruptcy estate had been fully administered. *See* 11 U.S.C. § 350(a) ("After an estate is fully administered and the court has discharged the trustee, the court shall close the case."); Fed. R. Bankr. P. 5009 (chapter 13 trustee's final report and account creates a presumption that the estate has been fully administered if no objection has been filed); *Kir Temecula v. LPM Corp. (In re LPM Corp.)*, 300 F.3d 1134, 1136 (9th Cir. 2002) (standard of review).

We reject as without merit Sepehry-Fard's contentions that the bankruptcy court lacked jurisdiction or violated his constitutional rights, or that the chapter 13 trustee violated any fiduciary duties.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests, including all requests set forth in the opening and reply briefs, are denied.

**AFFIRMED.**