In re Warren Wyatt WIEGAND and
Camille Anita Wiegand,
Debtors.

Robert G. Drummond, Chapter
13 Trustee, Appellant,

v.

Warren W. Wiegand; Camille
A. Wiegand, Appellees.

BAP No. MT–07–1431–JuPaD.
Bankruptcy No. 07–60620.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted on March 18,
2008 at Helena, Montana.

Filed—April 3, 2008.

Robert G. Drummond, Chapter 13 Trustee, Great Falls, MT, Pro se.

D. Randy Winner, Great Falls, MT, for Appellees.

Before: JURY, PAPPAS, and DUNN, Bankruptcy Judges.

## OPINION

JURY, Bankruptcy Judge.

Chapter 13 trustee [1] Robert G. Drummond appeals the bankruptcy court's order overruling his objection to confirmation of the debtors' chapter 13 plan on the ground that debtors improperly calculated their current monthly income. Debtors, following the format and instructions of Official Bankruptcy Form 22C [2] ("Form 22C"), deducted business expenses from Warren Wiegand's self-employed income, which resulted in below-median income entitling debtors to a thirty-six month applicable commitment period.

We hold that a chapter 13 debtor engaged in business may not deduct ordinary and necessary business expenses from gross receipts for the purpose of calculating current monthly income as defined under § 101(10A).[3] Rather, such deductions are authorized under § 1325(b)(2)(B) and, therefore, are to be subtracted from current monthly income when calculating disposable income pursuant to § 1325(b)(2).[4] To the extent that Part I of Form 22C requires a business debtor to calculate current monthly income by subtracting ordinary and necessary business expenses from gross receipts, we hold that Part I of Form 22C is inconsistent with § 1325(b)(2).

We REVERSE and REMAND for further proceedings consistent with this opinion.

---

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–5037.

2. Form 22C is titled "Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income." Chapter 13 debtors are required to use Form 22C pursuant to Rule 1007(b)(6).

3. Section 101(10A) provides: "The term 'current monthly income'-(A) means the average monthly income from all sources that the debtor receives ... without regard to whether such income is taxable income, derived during the 6–month period ending on-(i) the last day of the calendar month immediately pre-

ceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii); or (ii) the date on which current income is determined by the court for purposes of this title if the debtor does not file the schedule of current income required by section 521(a)(1)(B)(ii) ...."

4. Section 1325(b)(2)(B) provides: "For purposes of this subsection, the term 'disposable income' means current monthly income received by the debtor ... less amounts reasonably necessary to be expended ... (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business."

## I. FACTS

The facts are undisputed. Debtors filed their joint chapter 13 petition on May 31, 2007, and filed their Schedules, Statement of Financial Affairs and Form 22C on June 15, 2007. Debtor Warren Wiegand operated a trucking business. Debtors' original Form 22C reflected his monthly business income on line 3c as $1382, after gross receipts on line 3a of $6192 were reduced by ordinary and necessary business expenses of $5175 on line 3b.[5] Debtors' Form 22C calculated below-median income at lines 15 and 16. Therefore, they filled in the three-year commitment period box at line 17.

Debtors filed a thirty-six month chapter 13 plan which provided for monthly payments of $298. The trustee objected to confirmation of their plan on the ground that debtors incorrectly calculated their current monthly income in Part I of Form 22C, thus proposing a plan not in compliance with § 1325(b)(1).[6] The trustee argued that debtors' business deductions, which included payments on loans and home insurance, reduced their annualized current monthly income to below median, erroneously allowing them to apply the shorter three-year commitment period. Additionally, the trustee maintained that the deduction of business expenses in calculating current monthly income would render § 1325(b)(2)(B) superfluous, as it would allow debtors to deduct those expenses a second time.

---

5. Debtors filed an amended Form 22C which reflected a lower monthly business income of $1017 based on greater expenses. They also amended their Schedules I and J. After the plan confirmation hearing, for reasons not relevant to the decision here, they also amended their plan to provide for payments of $298 for three months and $135 for thirty-three months.

6. Section 1325(b)(1) provides: "If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then

The bankruptcy court overruled the trustee's objections at the plan confirmation hearing. It entered an order on September 24, 2007, followed by a Memorandum Decision dated October 9, 2007. In its written decision, the bankruptcy court examined sections of the Internal Revenue Code ("Tax Code"), United States Supreme Court case law, and Personal Income Tax Form 1040 to arrive at its conclusion that a chapter 13 business debtor may deduct ordinary and necessary business expenses from gross receipts to calculate current monthly income as defined by § 101(10A).

The trustee timely appealed.

## II. JURISDICTION

The bankruptcy court had subject matter jurisdiction pursuant to 28 U.S.C. § 1334 over this core proceeding under § 157(b)(2)(L). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether a chapter 13 debtor engaged in business can deduct ordinary and necessary business expenses from gross receipts for the purpose of calculating his or her current monthly income as defined by § 101(10A).

## IV. STANDARD OF REVIEW

■ We review issues of statutory construction and conclusions of law de novo.

the court may not approve the plan unless, as of the effective date of the plan-(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan."

*Ransom v. NBNA Am. Bank, N.A. (In re Ransom),* 380 B.R. 799, 802 (9th Cir. BAP 2007).

## V. DISCUSSION

■ The primary question before us is whether a self-employed chapter 13 debtor should follow Form 22C [7] and deduct ordinary and necessary business expenses from gross receipts or follow the Code, which provides that business deductions are taken from the debtor's current monthly income to arrive at disposable income under § 1325(b)(2). The question is easily answered when Form 22C is directly at odds with § 1325(b)(2)(B), the substantive Code provision that governs the deduction of business expenses. As aptly noted by another court in addressing this same question, when an Official Bankruptcy Form conflicts with the Code, the Code always wins. *In re Arnold,* 376 B.R. 652, 653 (Bankr.M.D.Tenn.2007).

■ Choosing between Form 22C and § 1325(b)(2) can have a significant impact on the applicable commitment period as set forth under § 1325(b)(4) [8] because, in certain instances, deducting business expenses to compute current monthly income will place some business debtors at below-median income, entitling them to the three-year, rather than five-year, applicable commitment period. Additionally, some debtors may use the deductions once

to compute their monthly current income and then again, to determine their disposable income under § 1325(b)(2).

■ To determine when a chapter 13 debtor should take business deductions, we start with the plain meaning rule and examine the statutory language in §§ 101(10A) and 1325(b)(2). If the statutory language is clear, we must apply it by its terms unless to do so would lead to absurd results. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241–42, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). We also engage in statutory interpretation by taking a holistic approach that strives to implement the policies behind the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") and harmonize the provisions of the Code. *See Hough v. Fry (In re Hough),* 239 B.R. 412, 414 (9th Cir. BAP 1999) (noting that we not only look to the language of the statute itself, but also to "the specific context in which that language is used, and the broader context of the statute as a whole") (citation omitted).

■ Current monthly income is defined in § 101(10A) as the "average monthly income from all sources that the debtor receives ... without regard to whether such income is taxable income, derived during the 6–month period" before the dates specified in § 101(10A)(A)(i) & (ii).[9]

7. Part I of Form 22C requires a business debtor to arrive at his or her current monthly income by subtracting ordinary and necessary business expenses from gross receipts. Thus, the form is structured for a debtor engaged in business to use net business income rather than gross. The trustee asserts that Form 22C is wrong as inconsistent with the Code.

8. Section 1325(b)(4) sets forth the parameters for determining the applicable commitment period. Generally, it is three years. However, it is five years if the combined current monthly income of the debtor and the debt-

or's spouse multiplied by twelve, is not less than the median family income in the applicable state, as adjusted for the number of household members. We have found the applicable commitment period to be a temporal requirement, requiring certain debtors to have chapter 13 plans longer than three years. *Fridley v. Forsythe (In re Fridley),* 380 B.R. 538, 544 (9th Cir. BAP 2007).

9. Excluded from the definition of current monthly income are benefits received under the Social Security Act and certain other payments. § 101(10A)(B).

§ 101(10A). While the Code defines current monthly income, it does not define "income." Nonetheless, we conclude that the plain language of the statute demonstrates that the bankruptcy court's reliance on the Tax Code and Form 1040 to determine the meaning of income under § 101(10A) was misplaced. The phrase "without regard to whether such income is taxable income" in § 101(10A) reflects a clear congressional intent that Tax Code concepts for determining taxable income are inapplicable to a determination of current monthly income. Further, with the enactment of BAPCPA, Congress imported the Internal Revenue Service Standards into § 707(b)(2).[10] Yet, no such reference is made in connection with the definition of current monthly income. Finally, the statute's plain language does not make specific reference to deductions, business or personal, of any kind. *Arnold,* 376 B.R. at 654.

In contrast to the statutory definition of current monthly income, § 1325(b)(2) is plain and unambiguous with specific reference to deductions for business expenses. This section provides that disposable income means current monthly income received by the debtor less amounts reasonably necessary for support and maintenance of the debtor and the debtor's dependents. § 1325(b)(2)(A). For a debtor engaged in business, current monthly income can be further reduced by the payment of expenditures necessary for the continuation, preservation, and operation of the business. § 1325(b)(2)(B). We can conclude from the statutory language that the specificity of § 1325(b)(2)(B) controls—business deductions are to be taken from a debtor's current monthly income to arrive at the debtor's disposable income. *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 537, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) (noting that "Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another") (citation omitted).

Further, although § 1325(b)(2) was amended under BAPCPA, subsection (B) remained unchanged. Under prior law, business expenses were deducted from "income received by the debtor" to determine disposable income. Under BAPCPA, the phrase current monthly income was introduced into § 1325(b)(2), but the reduction of business expenses remained intact. We presume that business expense deductions under § 1325(b)(2)(B) continue to be a factor in arriving at a debtor's disposable income under BAPCPA. *See Diamond Z Trailer, Inc. v. JZ L.L.C. (In re JZ L.L.C.),* 371 B.R. 412, 424 (9th Cir. BAP 2007).

 Statutes should also "not be construed in a manner which robs specific provisions of independent effect." *County of Santa Cruz v. Cervantes (In re Cervantes),* 219 F.3d 955, 961 (9th Cir.2000) (citation omitted). Interpretations that would render a statutory provision surplusage or a nullity should be rejected. *Id.* If business expenses are deducted from gross receipts to determine a chapter 13 debtor's current monthly income, then there would be no need for § 1325(b)(2)(B), which provides for the same deductions.

 We conclude that § 1325(b)(2) plainly and unambiguously requires a debtor to deduct business expenses from current monthly income. Thus, our inquiry ends. "[T]he sole function of the courts

---

**10.** This section makes specific reference to the National Standards issued by the Internal Revenue Service.

is to enforce [the statute] according to its terms." *Ron Pair Enters., Inc.,* 489 U.S. at 241, 109 S.Ct. 1026 (citation omitted). This mandate compels us to conclude that Form 22C ought to be changed to comply with the statute.[11]

We also observe that our plain meaning interpretation is not absurd because the Code is replete with rules and requirements that impact sole proprietors differently than wage earners. For example, an individual chapter 13 debtor in business may be expected to have more debt associated with his or her operation than someone who works for wages. That the "profit" from the business does not exceed what another makes in salary does not relieve the sole proprietor from the debt limits for eligibility for chapter 13 relief. It may be that Congress simply did not want those persons generating significant revenues through a business to have access to three-year chapter 13 plans.

## VI. CONCLUSION

For the reasons stated herein, we REVERSE the bankruptcy court's order overruling the trustee's objection to confirmation and REMAND for further proceedings consistent with this opinion.

---

**11.** Until Form 22C is changed, one possible solution is for below-median debtors to subtract the business deductions allowed under § 1325(b)(2)(B) on Schedule J from their current income. Above-median debtors should fill out the remainder of Form 22C and utilize the Internal Revenue Service standards under §§ 1325(b)(3) and 707(b)(2)(A)(ii)(I) for "Oth-er Necessary Expenses," as specified in the Internal Revenue Service Financial Analysis Handbook. *Arnold,* 376 B.R. at 654–55. We leave open the possibility that bankruptcy courts may take other approaches to redress the inconsistency of Form 22C with Code §§ 101(10A) and 1325(b)(2)(B).