# FILED



**NOT FOR PUBLICATION**

OCT 8 2019

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-19-1013-FSTa |
| ALELI A. HERNANDEZ, | Bk. No.    8:15-bk-10563-TA |
| Debtor. | |
| ASSET MANAGEMENT HOLDINGS, LLC, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| ALELI A. HERNANDEZ, | |
| Appellee. | |

Submitted Without Argument on September 26, 2019

Filed – October 8, 2019

Appeal from the United States Bankruptcy Court
for the Central District of California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Theodor C. Albert, Bankruptcy Judge, Presiding

_____

Appearances:     David R. Haberbush, Vanessa M. Haberbush, and Louis
H. Altman of Haberbush & Associates, LLP on the brief
for appellant Asset Management Holdings, LLC; Gregory
M. Salvato and Joseph Boufadel of Salvato Law Offices on
the brief for appellee Aleli A. Hernandez.

_____

Before: FARIS, SPRAKER, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Debtor Aleli A. Hernandez obtained a chapter 7[1] discharge, then later initiated this chapter 13 proceeding to strip off the second mortgage lien held by appellant Asset Management Holdings, LLC ("AMH"). She obtained a lien avoidance order, but she did not immediately challenge AMH's assertion of an unsecured claim, so the trustee began making distributions under the confirmed plan to AMH as an unsecured creditor.

Over two years into her plan, Ms. Hernandez filed an objection to AMH's proof of claim, arguing that her debt to AMH was not an allowed unsecured claim because her personal liability had been wiped out by the prior chapter 7 discharge. The bankruptcy court voiced its disapproval of Ms. Hernandez's tardiness but sustained the objection.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

AMH appeals from the order sustaining the claim objection, arguing that § 506 and the language of the lien avoidance order dictate that its claim must be treated as unsecured debt under the plan. It also argues that Ms. Hernandez acquiesced to such treatment and that equitable doctrines preclude her from challenging its claim.

The bankruptcy court's holding comports with our recent decision in *Washington v. Real Time Resolution, Inc. (In re Washington)*, 602 B.R. 710 (9th Cir. BAP 2019). We AFFIRM.

**FACTUAL BACKGROUND**[2]

**A.    Ms. Hernandez's earlier chapter 7 case and discharge**

Ms. Hernandez previously sought chapter 7 bankruptcy protection in 2010. She scheduled her real property located in Mission Viejo, California (the "Property"). According to her schedules, the Property was encumbered by a first deed of trust in the amount of $963,180 and a second deed of trust ("Junior Lien") securing a debt of $278,396.

Ms. Hernandez received her chapter 7 discharge in August 2010.

**B.    Ms. Hernandez's chapter 13 case**

Years later, Ms. Hernandez filed a chapter 13 petition. She again scheduled the Property, this time valued at $950,000. The amount due

---

[2] We exercise our discretion to review the bankruptcy court's docket, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

3

under the first deed of trust had increased to $1,036,490.

Ms. Hernandez scheduled the Junior Lien, now held by SW Linear Investment Group, LLC ("SW Linear"). Because the amount secured by the first deed of trust exceeded the value of the Property, she scheduled SW Linear's claim as an unsecured nonpriority claim in the amount of $278,396 and a secured claim in the amount of $0. She indicated that she intended to strip off the Junior Lien.

Mr. Hernandez's chapter 13 plan ("Plan") proposed to pay five percent of the $285,244.71 allowed nonpriority unsecured claims, the bulk of which was attributable to the Junior Lien.

SW Linear filed a proof of claim ("Claim") based on the Junior Lien for $459,221. AMH is SW Linear's successor in interest.

Ms. Hernandez filed a motion to avoid the Junior Lien. She represented that the value of the Property was eclipsed by the first-position lien, so the Junior Lien was wholly unsecured and could be avoided.

The court granted the motion and ruled that the Junior Lien was to be avoided. The court's form order ("Avoidance Order") provided that "[a]ny filed proof of claim of the junior lienholder is to be treated as an unsecured claim and is to be paid through the plan pro rata with all other unsecured claims." It further stated that "[t]he junior lienholder's claim on the deed of trust, mortgage or lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim."

4

AMH objected to confirmation of the Plan and filed a motion to dismiss the bankruptcy case because Ms. Hernandez's debts exceeded the jurisdictional limits of § 109(e). The bankruptcy court denied the motion to dismiss and granted plan confirmation. This Panel and the Ninth Circuit affirmed. *Asset Mgmt. Holdings, LLC v. Hernandez (In re Hernandez)*, BAP Nos. CC-16-1228-LKuF, CC-16-1244-LKuF, 2017 WL 1395741 (9th Cir. BAP Apr. 11, 2017), *aff'd*, 754 F. App'x 632 (9th Cir. 2019).

## C.   Ms. Hernandez's objection to AMH's proof of claim

While the appeal was pending, Ms. Hernandez began making her monthly payments under the Plan. The chapter 13 trustee made distributions to unsecured creditors, including AMH.

AMH received payments under the Plan for ten months before Ms. Hernandez filed an objection ("Objection") to the Claim. She argued that its Junior Lien was avoided pursuant to the Avoidance Order and that the unsecured debt had been discharged in her chapter 7 case. Thus, she argued that AMH did not have an allowed claim payable under the Plan.

AMH acknowledged that the chapter 7 discharge meant that Ms. Hernandez was not personally liable under the Junior Lien. But it stated that the Avoidance Order clearly indicated that AMH was to be treated as an unsecured creditor. AMH also argued that Ms. Hernandez failed to timely object to its Claim and that her inaction was tantamount to an admission that AMH held an allowed, unsecured claim. Finally, AMH

5

contended that the Objection was barred by the doctrines of laches and estoppel and precluded by public policy interests.

After a hearing, the bankruptcy court rejected AMH's position:

> The only logically consistent conclusion has to be that insofar as *in personam* liability of Aleli Hernandez existed at that time [of the chapter 7 case], it was discharged.
>
> So fast-forward to the second filing, which is chapter 13. There is an order under Section 506 saying . . . so sorry, Asset Management, but your lien has attached to nothing because the value of the residence is only, as I recall, 950,000 and Chase has a loan over a million. So you effectively have nothing.

It concluded, "I think it's a question of does [Ms. Hernandez] owe anything at this point. . . . I can't conclude that she owes you anything at this point. . . . Because I've already determined that the *in rem* portion is also gone by reason of the happenstance of value."

The bankruptcy court acknowledged that the language of the Avoidance Order created confusion, but stated, "Obviously, the form order does not contemplate the somewhat unusual case like this one where debtor is already discharged from her in personam liability and thus [AMH] should not expect a windfall dividend from the Chapter 13 estate."[3]

---

[3] Ms. Hernandez asked the court to order disgorgement of the payments AMH had received. The court denied the request, explaining that it would not reward Ms. Hernandez for her "failure of diligence." Ms. Hernandez did not cross-appeal from the Avoidance Order, so we do not consider whether disgorgement was appropriate.

The bankruptcy court sustained the Objection, and AMH timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in sustaining Ms. Hernandez's Objection to AMH's Claim.

## STANDARDS OF REVIEW

"The proper interpretations of statutes and rules are legal questions that we review de novo." *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 428 (9th Cir. BAP 2005) (citing *Kir Temecula v. LPM Corp. (In re LPM Corp.)*, 300 F.3d 1134, 1136 (9th Cir. 2002)). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

We review for an abuse of discretion the bankruptcy court's decision whether to exercise its equitable powers. *See Bitters v. Networks Elec. Corp. (In re Networks Elec. Corp.)*, 195 B.R. 92, 96 (9th Cir. BAP 1996). We apply a two-part test to determine whether the bankruptcy court abused its discretion. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). First, we consider de novo whether the bankruptcy court applied

7

the correct legal standard to the relief requested. *Id.* Then, we review the bankruptcy court's factual findings for clear error. *Id.* at 1262. We must affirm the bankruptcy court's factual findings unless we conclude that they are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *Id.*

## DISCUSSION

**A.    The bankruptcy court did not err in holding that AMH had no allowed unsecured claim.**

AMH argues that both § 506[4] and the Avoidance Order mandate that its Claim be treated as an allowed unsecured claim under the Plan. We recently rejected both of these arguments in *Washington*.

*Washington* deals with the same factual pattern and legal questions as the present case. The debtor had obtained a chapter 7 discharge, then filed

---

[4] Section 506(a)(1) provides:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and **is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim**. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

§ 506(a)(1) (emphasis added).

a chapter 13 case and sought to avoid her wholly unsecured junior deed of trust. After the bankruptcy court confirmed the debtor's chapter 13 plan, the creditor filed a proof of claim based on the junior deed of trust. The debtor objected, but the bankruptcy court overruled her objection, holding that the plain language of § 506(a) requires that the valuation of the lien following the chapter 7 discharge results in an unsecured claim that must be addressed in a chapter 13 plan. 602 B.R. at 712.

The bankruptcy court also agreed with the creditor that the form language used in the lien avoidance order provided that the junior lien was to be treated as an unsecured claim under the plan. *Id.* at 712-13.

In other words, the bankruptcy court based its decision on the exact same arguments AMH now raises in this appeal.

We reversed. First, we explained that, after a lien is "stripped" in a chapter 13 case, "the junior lienholder will ordinarily be left with an allowed unsecured claim that must be provided for in the debtor's plan in the same manner as other general unsecured claims." *Id.* at 713.

We held, however, that the result is different when the debtor obtains a chapter 7 discharge, then avoids a wholly unsecured lien in a subsequent chapter 13 case (the so-called "chapter 20" scenario). We ruled that the chapter 7 discharge extinguishes the debtor's personal liability to the creditor, leaving the creditor with no allowed unsecured claim in the subsequent chapter 13 case. *Id.* at 716.

9

We additionally rejected the creditor's argument that the form order required the junior claim to be treated as unsecured debt, because "[t]he local bankruptcy forms at issue simply do not address the situation where a debtor has previously discharged her personal liability on the underlying debt." *Id.* at 717.

Based on our holding in *Washington*, which is on all fours with this appeal, we reject AMH's argument that § 506 and the Avoidance Order mandate the existence of an allowed unsecured claim when a lien is stripped in a chapter 13 case following a chapter 7 discharge. Accordingly, the bankruptcy court did not err.[5]

## B.  Equitable and policy considerations cannot save AMH's Claim.

AMH additionally argues that various equitable and policy considerations support its position. These arguments are all meritless.

AMH cites Federal Rule of Evidence ("FRE") 801(d)(2)(B)[6] for the

---

[5] Ms. Hernandez argued that the law of the case doctrine precludes AMH from relitigating the issues that were already decided in the earlier appeals. As a general rule, "one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (citation omitted). We decline to apply the law of the case doctrine because the exact issue presented in this appeal, while similar to and overlapping with the issues raised in the earlier appeals, was not specifically addressed or decided either by the BAP or the Ninth Circuit.

[6] FRE 801(d)(2)(B) provides that "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion[,]" is not hearsay if "[t]he statement is offered against an opposing party and: . . . (B) is one the party manifested

(continued...)

proposition that Ms. Hernandez's failure to earlier object to the Claim was an "admission" that AMH holds an allowed unsecured claim. But FRE 801 is a rule of evidence that determines whether a court can consider certain statements in making factual determinations. In this case, however, the allowability of AMH's unsecured claim presents a pure question of law. The bankruptcy court was duty bound to make a correct legal determination regardless of Ms. Hernandez's prior position.

AMH argues that it is inequitable to allow Ms. Hernandez to object to the Claim so belatedly. However, as AMH concedes, neither the Plan nor the Bankruptcy Code imposes a time limit to object to a claim: "[T]here has been no case law in the Ninth Circuit prohibiting postconfirmation claim objections. Rule 3007 does not provide a time limit for objections to proofs of claims, and such an objection may be filed at any time." *Shook v. CBIC (In re Shook)*, 278 B.R. 815, 828 (9th Cir. BAP 2002) (citation omitted). The plan confirmation order provided that "[c]onfirmation is without prejudice to debtor(s) [sic] right to object to any claim filed in this case, either pre or post confirmation." Thus, it was not inequitable for the bankruptcy court to consider the Objection.

Moreover, reviving AMH's discharged Claim would be inequitable to Wells Fargo Card Services, another unsecured creditor. Under the Plan,

---

[6](...continued)
that it adopted or believed to be true[.]" Fed. R. Evid. 801.

11

it would have received only five percent of its claim. However, following the disallowance of AMH's Claim, it received 100% of its claim. Barring Ms. Hernandez from objecting to AMH's Claim would prejudice Wells Fargo, which did nothing wrong.

Finally, AMH contends that Ms. Hernandez is attempting to circumvent the Bankruptcy Code to avoid the Junior Lien. At bottom, this is an attack on the legitimacy of a "chapter 20" case. But the Ninth Circuit has already rejected this position in AMH's prior appeal. *In re Hernandez*, 754 F. App'x at 633.

## CONCLUSION

Therefore, the bankruptcy court did not err in sustaining the Objection and disallowing AMH's Claim. We AFFIRM.